UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANNETTE NASH AND WILLIAM HEINES,

                    Plaintiffs,           **MEMORANDUM & ORDER**

        -against-                                 10-CV-5556 (SLT)

NEIL B. PTASHNINK, ESQ; JOHNATHAN
C. REITER, ESQ; SEAN F.X. DUGAN, ESQ;
STATEN ISLAND UNIVERSITY HOSPITAL,

                    Defendants.
----------------------------------------------------------------x

**TOWNES, United States District Judge:**

      Plaintiffs Annette Nash and William Heines, a mother and son, bring this pro se action against three attorneys and Staten Island University Hospital (the "Hospital"), alleging legal and medical malpractice and claiming "emoti[on]al abuse, medica[]l neglect, fraud, c[o]rruption, sl[a]nder, [and] fraud medical records." (Docket No. 1 at 3). Plaintiffs' separate requests to proceed in forma pauperis are granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this order. For the reasons set forth below the complaint is dismissed.

## BACKGROUND

      While it is difficult to discern the exact nature of Plaintiffs' claims, Ms. Nash indicates in the complaint that attorney Johnathan C. Reiter, Esq.,[1] represented her in a "mal[]practice law suit" against the Hospital and certain doctors in New York Supreme Court. (Docket No. 1 at 5). She suggests without elaborating that doctors had "done" something to her son which also caused her to "suffer from P.D.S.D," and that she had "sign[ed] a contract" with Mr. Reiter "to sue the[] Hospital[]" for "fraud" and "accusations." (Id. at 6). As to the latter issue, Ms. Nash

---

[1]     All spellings of parties' names are taken from the complaint.

indicates that the Hospital "call[ed] ACS"[2] for what she describes as "unfound[ed]" reasons. (Id.). In her complaint, Ms. Nash alleges that Mr. Reiter "never brought all evidence to jury tr[ia]l," which took place from February 24, 2010, through March 11, 2010. (Id.). She also notes that her "request to put verdict to the side was d[eni]ed" on October 28, 2010. (Id. at 7). The complaint contains no allegations against the other two defendant attorneys named in the case caption. Additionally, Ms. Nash makes only generalized comments regarding jurisdiction, stating that "if the federal law relates to an[] area the federal government has jurisdiction over, then . . . federal law overrules state law" and "constitutional law overrides federal law." (Id. at 8).

## STANDARD OF REVIEW

As Plaintiffs are proceeding pro se, their complaint is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is obliged to construe the pleadings liberally and "interpret them to raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Nevertheless, 28 U.S.C. § 1915 (e)(2)(B) dictates that a district court shall dismiss an in forma pauperis action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

As part of this inquiry, it is important to note that not every action has a home in federal court. Pursuant to Article III of the United States Constitution, "federal courts are courts of

---

[2] It appears that Ms. Nash is referring to the New York City Administration for Children's Services, an agency tasked with investigating complaints of suspected child abuse and neglect. See http://www.nyc.gov/html/acs/html/home/home.shtml (last visited Dec. 14, 2010).

2

limited jurisdiction." Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 63 (2d Cir. 2009). In order for a federal court to exercise subject-matter jurisdiction, a plaintiff must either (1) put forth a claim "arising under the Constitution, laws or treaties of the United States," creating "federal question" jurisdiction under 28 U.S.C. § 1331; or (2) show that the action is between "citizens of different states" for an amount exceeding $75,000, creating "diversity jurisdiction" under 28 U.S.C. § 1332(a). It is well established that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Natl. Comm. to Pres. Soc. Sec. & Medicare v. Philip Morris USA Inc., No. 09-2321-cv, 2010 WL 3933494, at *1 (2d Cir. Oct. 8, 2010) (summary order).

## DISCUSSION

In this case, even allowing the pro se complaint a liberal reading, there is no basis for federal subject-matter jurisdiction. First, Plaintiffs have not established federal question jurisdiction. To the extent that they seek damages from their attorneys, they are "in the wrong court (legal malpractice being a claim under state law)." Wellington v. Lammatina & McGee, No. 05-CV-1832 (CBA), 2005 WL 1123765, at *1 (E.D.N.Y. May 4, 2005). Similarly, "fraud and medical malpractice are state law claims that would not come within the jurisdiction of the federal courts." Riddles v. Parakh, No. 08-CV-2373 (NG), 2008 WL 4298318, at *2 (E.D.N.Y. Sept. 16, 2008). Second, Plaintiffs have provided no information to suggest that the parties are citizens of different states.

Accordingly, because Plaintiffs' complaint raises neither a question of federal law, nor satisfies the requirements for diversity jurisdiction, the Court has no basis for federal subject-

3

matter jurisdiction over this action  Other potential deficiencies in the complaint need not be addressed.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3).  See also 28 U.S.C. § 1915(e)(2)(B).  The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**

_____/s/_____
SANDRA L. TOWNES
United States District Judge


Dated: December 30, 2010
          Brooklyn, New York